1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   TIGER BAY VILLAGE CORP.,        )   CV 15-06377-RSWL-FFMx
                                     )
13                                   )
                    Plaintiff,       )   **ORDER** re: Defendant's
14                                   )   Motion to Dismiss for
         v.                          )   Failure to State a Claim
15                                   )   pursuant to F.R.C.P.
                                     )   12(b)(6) [15] and
16   SHAUQIANG CHEN aka STEVEN       )   Plaintiff's Motion for
     CHEN, and DOES 1 to 10,         )   Leave to File Amended
17                                   )   Complaint [26]
                                     )
18                  Defendants.      )
                                     )
19   _____)

20       Presently before the Court are two motions: (1)

21   Defendant Steven Chen's ("Defendant") Motion to Dismiss

22   for Failure to State a Claim Pursuant to Fed. R. Civ.

23   P. 12(b)(6) [15] ("Motion to Dismiss"), and (2)

24   Plaintiff Tiger Bay Village Corporation's ("Plaintiff")

25   Motion for Leave to File Amended Complaint [26]

26   ("Motion to Amend Complaint").

27       Having reviewed all papers submitted pertaining to

28   these Motions, the Court **NOW FINDS AND RULES AS**

                              1

**FOLLOWS:** the Court **DENIES** Plaintiff's Motion to Amend Complaint [26], and **GRANTS** Defendant's Motion to Dismiss [15] **WITH TWENTY DAYS LEAVE TO AMEND.**

## I. BACKGROUND

**A.   Factual Background**

Plaintiff Tiger Bay Village Corporation ("Plaintiff") is a Canadian corporation with its principal place of business in Vancouver, Canada. Compl. ¶ 1, ECF No. 1.  Defendant Shauqiang (Steven) Chen ("Defendant") is an individual residing in Los Angeles, California.  Id. at ¶ 2.

Qingdao Hairong Foodstuff ("QHF") is a Chinese company in the business of selling and exporting frozen seafood products.  Id. at ¶ 7.  Yihe Corporation ("Yihe") is a California corporation which purchased seafood products from QHF.  Id.  Plaintiff alleges that Defendant owns both QHF and Yihe.  Id. at ¶ 8.

As a result of QHF's delivery of products to Yihe, Yihe is indebted to QHF in an amount of at least $12,000,000 (the "Yihe Debt").  Id. at ¶ 9.

On or about June 13, 2013, QHF and an individual named Hai Rong Wang ("Wang") entered into a loan agreement whereby Wang loaned to QHF $4,000,000, plus interest (the "QHF Loan").  Id. at ¶ 10.

As additional security for the QHF Loan, Defendant executed a personal guaranty promising to repay the QHF Loan in the event that QHF defaulted (the "Personal Guaranty").  Id.  QHF also assigned to Wang all of

QHF's rights and interests in the Yihe Debt up to an amount of $4,000,000 plus accrued interest (the "Wang Assignment").[1] Id. at ¶ 11.

On November 15, 2013, Wang assigned to Plaintiff all of Wang's rights and interests in the Wang Assignment, QHF Loan, and Personal Guaranty (the "Tiger Bay Assignment"). Id. at ¶ 12. Plaintiff alleges that Wang assigned to Plaintiff the right to enforce the terms of the Personal Guaranty and Wang Assignment, and to collect on the QHF Loan. Id.

Plaintiff alleges that QHF defaulted on the QHF Loan, Defendant defaulted on the Personal Guaranty, and Yihe defaulted on its obligations to repay the Yihe Debt to QHF. Id. at ¶ 15.

On November 27, 2013, Plaintiff filed an action in this Court against Yihe and Defendant, Case Number CV 13-8837-RSWL-FFM (the "2013 Action"), to enforce the terms of the Tiger Bay Assignment. Id.

Plaintiff and Yihe settled the 2013 Action (the "Settlement"). Id. at ¶ 16. As part of the Settlement, Yihe was required to make monthly payments to Plaintiff. Id. Defendant was dismissed from the 2013 Action without prejudice, and Plaintiff's claims against Defendant were not released, subject to Yihe's performance under the Settlement. Id.

---

[1] The parties refer to this assignment as the "QHF Assignment," however, the Court refers to the assignment as the "Wang Assignment" for clarity.

1    After making a few payments, Yihe defaulted on its
2  payment obligations under the Settlement.  Id. at ¶ 17.
3  On July 22, 2014, Plaintiff obtained a judgment against
4  Yihe for $3,695,135 (the "Judgment").  Id.  On December
5  8, 2014, Plaintiff obtained a Writ of Execution on the
6  Judgment.  Id.  Plaintiff alleges that Yihe continues
7  to fail to pay on the Judgment.  Id.

8    On January 27, 2015, Plaintiff examined Defendant
9  as part of its efforts to enforce the Judgment.  Id. at
10 ¶ 18.  During Defendant's examination, Defendant
11 testified that Yihe was insolvent when Defendant caused
12 Yihe to pay him approximately $480,000 for the years
13 2013 and 2014.  Id.  Plaintiff alleges that Defendant
14 caused Yihe to make other payments and transfer funds
15 to him to the detriment of Yihe's creditors, including
16 Plaintiff.  Id.  Plaintiff alleges that the payments
17 were not made for reasonably equivalent value, but were
18 designed to improperly divert Yihe's money away from
19 its creditors.  Id.

20 **B.  <u>Procedural Background</u>**

21    On August 20, 2015, Plaintiff filed its Complaint
22 [1] against Defendant for (1) breach of contract, (2)
23 promissory fraud, (3) avoidance of fraudulent
24 conveyance pursuant to California Civil Code § 3439.05,
25 and (4) accounting pursuant to California Civil Code §
26 3439.07(a)(1).

27    The parties stipulated to extend the time to answer
28 the Complaint, and Defendant filed a Motion to Dismiss

[15] on November 12, 2015.  In an attempt to settle this action, the parties continued the hearing on Defendant's Motion to Dismiss [19].  The hearing was continued to March 22, 2016, with Plaintiff's Opposition due on March 1, 2016 and Defendant's Reply due on March 8, 2016.

On March 1, 2016, instead of opposing Defendant's Motion to Dismiss, Plaintiff filed a Motion to Amend Complaint [26] and a Proposed First Amended Complaint ("Proposed FAC") [26-1].

On March 8, 2016, Defendant filed a Notice of Non-Opposition to the Motion to Dismiss [31] and an Opposition to Plaintiff's Motion to Amend Complaint [32].  Plaintiff filed a Reply [33] to Defendant's Opposition on March 15, 2016, and the Court consolidated the hearings on Defendant's Motion to Dismiss [15] and Plaintiff's Motion to Amend Complaint [26] to March 29, 2016 [38].  On March 24, 2016, both Motions were taken under submission [39].

## II. DISCUSSION

**A.  <u>Legal Standard</u>**

1.  <u>Federal Rule of Civil Procedure 15(a)</u>

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  "[T]he right to amend once as a

matter of course terminates 21 days after service of a
motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P.
15 Advisory Committee Notes, 2009 Amendment.

After the time to amend as a matter of course has
expired, "a party may amend its pleading only with the
opposing party's written consent or the court's leave."
Fed. R. Civ. P. 15(a)(2). Generally, Rule 15 advises
that "leave shall be freely given when justice so
requires." Id. Absent undue delay, bad faith or
dilatory motive on the part of the movant, repeated
failure to cure deficiencies by amendments previously
allowed, undue prejudice to the party opposing the
amendment, or futility of amendment (the "Foman
factors"), the Court should grant leave to amend.
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
1052 (9th Cir. 2003) (citing Foman v. Davis, 371 U.S.
178, 182 (1962)).

Futility of proposed amendments is evaluated under
the Federal Rule of Civil Procedure 12(b)(6) standard.
ABM Indus., Inc. v. Zurich Am. Ins. Co., 237 F.R.D.
225, 227 (N.D. Cal. 2006) (citing Miller v. Rykoff-
Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988));
Nordyke v. King, 644 F.3d 776, 788 n. 12 (9th Cir.
2011) ("[T]he 'proper test to be applied when
determining the legal sufficiency of a proposed
amendment is identical to the one used when considering
the sufficiency of a pleading challenged under Rule
12(b)(6).'" (citation omitted)).

1        2.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

2        Federal Rule of Civil Procedure 12(b)(6) allows a

3   party to move for dismissal of one or more claims if

4   the pleading fails to state a claim upon which relief

5   can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint

6   must "contain sufficient factual matter, accepted as

7   true, to state a claim to relief that is plausible on

8   its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

9   (internal quotation marks omitted).  Dismissal can be

10  based on a "lack of a cognizable legal theory or the

11  absence of sufficient facts alleged under a cognizable

12  legal theory." <u>Balistreri v. Pacifica Police Dep't</u>,

13  901 F.2d 696, 699 (9th Cir. 1990).

14        In ruling on a 12(b)(6) motion, a court must

15  presume all factual allegations of the complaint to be

16  true and draw all reasonable inferences in favor of the

17  non-moving party.  <u>Klarfeld v. United States</u>, 944 F.2d

18  583, 585 (9th Cir. 1991).  The question presented by a

19  motion to dismiss is not whether the plaintiff will

20  ultimately prevail, but whether the plaintiff has

21  alleged sufficient factual grounds to support a

22  plausible claim to relief, thereby entitling the

23  plaintiff to offer evidence in support of its claim.

24  <u>Iqbal</u>, 556 U.S. at 678; <u>Swierkiewicz v. Sorema N.A.</u>,

25  534 U.S. 506, 511 (2002).  While a complaint need not

26  contain detailed factual allegations, a plaintiff must

27  provide more than "labels and conclusions" or "a

28  formulaic recitation of a cause of action's elements."

1  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)

2  (internal citation omitted).

3  **B.  <u>Discussion</u>**

4      1.  <u>The Court grants Defendant's Motion to Dismiss.</u>

5      Pursuant to Local Rule 7-12, "[t]he failure to file

6  any required document . . . may be deemed consent to

7  the granting or denial of [a] motion [to dismiss]."

8  <u>See</u> L.R. 7-12.  The Court deems Plaintiff's failure to

9  oppose Defendant's Motion to Dismiss as consent to the

10  granting of the Motion.  <u>Id.</u>; <u>see also Grodzitsky v.</u>

11  <u>Am. Honda Motor Co., Inc.</u>, No. 2:12-cv-1142-SVW-PLA,

12  2013 WL 690822, at *9 (C.D. Cal. Feb. 19, 2013).

13  Accordingly, the Court **GRANTS** Defendant's Motion to

14  Dismiss.

15      2.  <u>Plaintiff failed to comply with Local Rule 7-3</u>

16          <u>in filing its Motion to Amend Complaint.</u>

17      Local Rule 7-3 requires the parties to meet and

18  confer regarding the substance of a contemplated motion

19  and any potential resolution at least seven days prior

20  to filing the motion.  L.R. 7-3.

21      Plaintiff fails to indicate whether and when the

22  parties met and conferred before it filed its Motion to

23  Amend Complaint.  <u>See</u> Pl.'s Mot. For Leave 2:3-13.  The

24  Court could, in its discretion, refuse to consider

25  Plaintiff's Motion for that reason.  <u>Reed v. Sandstone</u>

26  <u>Props., L.P.</u>, No. CV 12-05021 MMM (VBKx), 2013 WL

27  1322912, at *6 (C.D. Cal. Apr. 2, 2013).  Nonetheless,

28  Defendant does not appear to have suffered any

8

1  prejudice from Plaintiff's failure to meet and confer,
2  and Defendant was able to prepare and submit an
3  opposition to Plaintiff's Motion.  See Wilson-Condon v.
4  Allstate Indem. Co., No. CV 11-05538 GAF (PJWx), 2011
5  WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011).

6      Although the Court considers the merits of
7  Plaintiff's Motion, failure to comply with Local Rule
8  7-3 in the filing of any future motions may result in
9  automatic dismissal of those motions.

10     3.  The Court denies Plaintiff's Motion to Amend
11         Complaint because the Proposed FAC would be
12         futile.

13         a.  *Breach of Contract Claim*

14     Under California law, a claim for breach of
15  contract must allege: (1) the existence of a contract
16  between Plaintiff and Defendant; (2) Plaintiff's
17  performance or excuse for nonperformance; (3)
18  Defendant's breach; and (4) resulting damages to
19  Plaintiff.  Oasis West Realty, LLC v. Goldman, 250 P.3d
20  1115, 1121 (Cal. 2011).  An assignee who has acquired
21  the right to receive the obligor's performance under
22  the contract may sue for breach of contract if the
23  obligor does not perform.  Applera Corp. v. MP
24  Biomedicals, LLC, 93 Cal. Rptr. 3d 178, 193 (Cal. Ct.
25  App. 2009).

26     Plaintiff's Proposed FAC sufficiently alleges each
27
28

element of a claim for breach of contract.[2]

      b.   *Promissory Fraud Claim*

     A claim for fraud requires proof of five elements:
(1) misrepresentation (false representation,
concealment, or nondisclosure); (2) knowledge of
falsity (or "scienter"); (3) intent to defraud (i.e.,
intent to induce reliance); (4) justifiable reliance;
and (5) damages.  Bank of the West v. Valley Nat. Bank
of Ariz., 41 F.3d 471, 477 (9th Cir. 1994); Lazar v.
Super. Ct., 909 P.2d 981, 985 (Cal. 1996).  "Promissory
fraud" is a subspecies of the action for fraud and
deceit.  Lazar, 909 P.2d at 985.  "A promise to do
something necessarily implies the intention to perform;
hence, where a promise is made without such intention,
there is an implied misrepresentation of fact that may
be actionable fraud."  Id.  Where a defendant
fraudulently induces the plaintiff to enter into a
contract, an action for promissory fraud may exist.

_____

     [2] Plaintiff adequately asserts standing to sue for breach of
contract because Plaintiff alleges that the Tiger Bay Assignment
included the right to enforce the Personal Guaranty.  See
Proposed FAC ¶¶ 16-20, 24-25; Tiger Bay Assignment ¶¶ B, 1.
Plaintiff also adequately alleges that the Personal Guaranty is
supported by consideration, and Defendant was not released from
his obligations under the Personal Guaranty by virtue of the Wang
Assignment because the Wang Assignment was made as additional
security for the QHF Loan, in addition to the Personal Guaranty.
See Proposed FAC ¶¶ 17, 21-22.  Lastly, Defendant's argument that
his performance was excused is an affirmative defense, and
Plaintiff is not required to plead this defense in its Complaint.
See Fed. R. Civ. P. 8(c); see also Performance Chevrolet Inc. v.
Mkt. Scan Info. Sys., Inc., 298 F. App'x 573, 577 (9 th Cir.
2009); Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,
718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Id.  However, "something more than nonperformance is required to prove the defendant's intent not to perform his promise."  Tanedo v. East Baton Rouge Parish Sch. Bd., No. SA CV 10-0112 JAK, 2012 WL 5447959, at *7 (C.D. Cal. Oct. 4, 2012) (quoting Tenzer v. Superscope, Inc., 702 P.2d 212, 219 (Cal. 1985)).  A plaintiff in an action for promissory fraud must produce evidence of the promisor's intent to mislead him.  Id. (citation omitted).

Under Federal Rule of Civil Procedure 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud" even though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 317 F.3d 1097, 1106 (9th Cir. 2003).  The circumstances surrounding the alleged fraud must "be specific enough to give [Defendant] notice of the particular misconduct . . . so that [Defendant] can defend against the charge and not just deny that [he has] done anything wrong."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess, 317 F.3d at 1106 (citation omitted); see also UMG Recordings, Inc. v. Global Eagle Entm't, Inc., 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015).

/ / /

/ / /

1               *i.  Plaintiff's Allegations of Promissory*

2                     *Fraud*

3      Plaintiff alleges that "[o]n or about June 13,

4 2013, Defendants promised Plaintiff (as assignee of

5 Wang) through the Personal Guaranty that they would

6 repay the QHF Loan in the event it was not otherwise

7 timely repaid." Proposed FAC ¶ 46. Plaintiff alleges

8 that the "promise was made . . . with the intent to

9 induce Plaintiff (through Wang) to . . . make [the QHF

10 Loan]," and that "[i]n reliance on the promise of

11 Defendants, Plaintiff (as assignee to Wang) provided

12 the [QHF Loan] and agreed to extend the original

13 deadline to repay the QHF Loan." <u>Id.</u> at ¶¶ 48, 50.

14 Plaintiff alleges that it would not have taken such

15 actions if it had known of Defendant's intention not to

16 honor the Personal Guaranty. <u>Id.</u> at ¶ 50. Plaintiff

17 also attaches and incorporates by reference the

18 Personal Guaranty (Exhibit B), Wang Assignment (Exhibit

19 C), and the Tiger Bay Assignment (Exhibit D). <u>See id.</u>

20 at ¶ 24.

21               *ii.  Assignment of a Tort Cause of Action*

22                  *from Wang to Plaintiff*

23      Defendant asserts that "Plaintiff fails to

24 establish how it, as an assignee, could have received

25 and/or relied on any representations to Wang" and that

26 "since Plaintiff is not in privity of contract with

27 Defendant, it must allege facts sufficient to establish

28 the essential tort element of <u>duty</u>." Def.'s Mot. 13:9-

12.   The issue here is whether the Tiger Bay Assignment
included Wang's right to assert a fraud claim against
Defendant.

    "An assignment agreement 'must describe the subject
matter of the assignment with sufficient particularity
to identify the rights assigned.'"  <u>Heritage Pac. Fin.,</u>
<u>LLC v. Monroy</u>, 156 Cal. Rptr. 3d 26, 38 (Cal. Ct. App.
2013) (quoting <u>Mission Valley E., Inc. v. Cnty. of</u>
<u>Kern</u>, 120 Cal. App. 3d 89, 97 (Cal. Ct. App. 1981)).
As with contracts generally, the nature of the
assignment is determined by looking to the intent of
the parties.  <u>Id.</u> at 39 (citing <u>Cambridge Co. v. City</u>
<u>of Elsinore</u>, 57 Cal. App. 245, 249 (Cal. Ct. App.
1922)).  The assignment of a right, such as the right
of a lender to assert a cause of action for fraud
against a borrower, requires the assignor to manifest
an intention to transfer "the right" to the assignee.
<u>See id.</u> at 40.  Although an assignment of a right
generally carries with it an assignment of other rights
incidental thereto, and incidental rights may include
ancillary causes of action, the assignment agreement
must particularly identify the rights assigned.  <u>Id.</u>
("Fraud rights are not, as a matter of law, incidental
to the transfer of [a promise to repay a debt to the
lender].").

    Here, the Tiger Bay Assignment which Plaintiff
attaches and incorporates in its Proposed FAC,
demonstrates that the assignment included Wang's tort

claim against Defendant.[3]  Because Wang's "remedies" "arising out of" the Personal Guaranty to secure the QHF Loan were assigned to Plaintiff, Plaintiff establishes that it has standing to assert a claim for promissory fraud against Defendant.

            iii.   *Defendant's Deceptive Intent*

     Plaintiff alleges that "[a]t the time Defendants made the promise to Plaintiff, Defendants had no intention of performing it."  Proposed FAC ¶ 47.  These allegations do not adequately plead why Defendant's promise to repay the QHF Loan through the Personal Guaranty was false when made.  See Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) ("the plaintiff must plead facts explaining why the statement was false when it was made" (citation omitted)); UMG, 117 F. Supp. 3d at 1108 (plaintiff must plead facts from which it can be inferred that

_____

[3] The Tiger Bay Assignment states that Wang assigned to Plaintiff:

>     All right, title and interest of Assignor [Wang] in and to the QHF Debt [QHF Loan] and Assigned Debt [Yihe Debt], and all rights of Assignor [Wang] to receive payment thereof, and **all** rights, **remedies**, powers, privileges and authorities granted to or **possessed by Assignor** [Wang] pursuant to the Initial Assignment [Wang Assignment] and **arising out of all agreements**, instruments and documents evidencing, **securing or supporting the QHF Debt** [QHF Loan] and/or Yihe's indebtedness and other obligations thereunder or by operation of law, in respect of the Assigned Debt [Yihe Debt], including, without limitation, the unrestricted right to enforce, collect, settle and compromise the QHF and Assigned Debt [QHF Loan and Yihe Debt].

Proposed FAC, Ex. D ¶ B (emphasis added).

                            14

defendant had no intention of performing at the time the promise was made).

Mere nonperformance of a promise does not suffice to show the falsity of the promise. Id.; see also Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (Cal. 1985) ("something more than nonperformance is required to prove the defendant's intent not to perform his promise" (citation omitted)). Although intent can be averred generally under Rule 9(b), Plaintiff does not point to facts which show more than Defendant's nonperformance, and that Defendant harbored an intention not to be bound by the terms of the Personal Guaranty at formation.

Thus, Plaintiff fails to plead fraud with the specificity required by Rule 9(b), and Plaintiff's allegations of promissory fraud contained in the Proposed FAC would be futile. See Tanedo v. E. Baton Rouge Parish Sch. Bd., No. SA CV 10-01172 JAK, 2012 WL 5447959, at * 9 (C.D. Cal. Oct. 4, 2012) (allegations that counter-defendant "never intended to pay" and made promises "with the intent to deceive [counter-claimant] and induce it into relying" were insufficient to plead deceptive intent); Mat Van, Inc. v. Sheldon Good & Co. Auctions, LLC, No. 07-CV-912 IEG BLM, 2007 WL. 2206946, at *6 (S.D. Cal. July 27, 2007) (allegations that defendant ultimately did not perform the material terms of the contract were insufficient); Hsu v. OZ Optics Ltd., 211 F.R.D. 615, 620 (N.D. Cal. 2002) (allegations

1  that "defendant OZ had no intention to be bound by the
2  terms as agreed in the aforesaid agreements" were
3  insufficient).

4            c.   *Avoidance of Fraudulent Conveyance Claim*
5       California Civil Code § 3439.05 provides:
6       A transfer made or obligation incurred by a
7       debtor is voidable as to a creditor whose claim
8       arose before the transfer was made or the
9       obligation was incurred if the debtor made the
10      transfer or incurred the obligation without
11      receiving a reasonably equivalent value in
12      exchange for the transfer or obligation and the
13      debtor was insolvent at that time or the debtor
14      became insolvent as a result of the transfer or
15      obligation.
16  Cal. Civ. Code § 3439.05(a).

17       To set aside a transfer under California Civil Code
18  § 3439.05, Plaintiff must show: (1) Plaintiff was a
19  creditor of Yihe at the time of the allegedly
20  fraudulent transfer; (2) the conveyance was made or the
21  obligation entered when Yihe was insolvent or thereby
22  rendered insolvent as a result of the transfer
23  obligation; and (3) the conveyance was made or the
24  obligation entered into without reasonably equivalent
25  value.  See Annod Corp v. Hamilton & Samuels, 100 Cal.
26  App. 4th 1286, 1294-95 (Cal. Ct. App. 2002).

27       To support its claim for avoidance of fraudulent
28  transfer, Plaintiff's Proposed FAC alleges that "Yihe

16

transferred funds to Defendant without receiving a reasonably equivalent value in exchange for the transfers," and "Plaintiff's right to payment from Yihe arose before it transferred the funds to Defendants." Proposed FAC ¶ 55.  Plaintiff alleges that Yihe was insolvent or became insolvent after the transfer of funds to Defendants.  Id. at ¶ 56.  Plaintiff attaches the Receivership Report of James Wong ("Wong") to support its allegation that Yihe's debts were greater than the total amount of Yihe's assets.  Id. at ¶¶ 27-31, 56; Ex. E, Wong Report, ECF No. 26-1.  The Wong Report addresses Yihe's operational issues, accounting irregularities, and Defendant's mismanagement of Yihe. See generally Wong Report.

Plaintiff also alleges that in 2013, Wong brought an action as Yihe's Receiver against a corporation named Yijia to set aside an allegedly fraudulent transfer, based in part on allegations that "Yihe was insolvent as defined in California Civil Code [] § 3439.02."  Proposed FAC ¶ 31; see also Compl. ¶¶ 26, 30, 35, 43, 47, Wong v. Qingdao Yijia Native Import & Export, Ltd., No. 13-cv-7207 (C.D. Cal., filed Sep. 30, 2013).

Plaintiff alleges that on or about January 27, 2015, Plaintiff conducted an examination of Defendant in which Defendant testified that despite Yihe's insolvency during this time period, Defendant caused Yihe to pay him approximately $480,000 per year for the

years 2013 through 2015.  Proposed FAC ¶ 37.  Plaintiff alleges that Defendant caused Yihe to make "other payments" and transfer funds to him to the detriment of Yihe's creditors, including Plaintiff.  <u>Id.</u>  As a result of the allegedly fraudulent transfers, Plaintiff alleges that it has been damaged in the amount of $3,696,101.03, plus interest.  <u>Id.</u> at ¶ 52.

Plaintiff's allegations are sufficient to plead the second element for avoidance of fraudulent conveyance, that Yihe was insolvent or was rendered insolvent when it made the transfers to Defendant.  However, the remaining allegations fail to satisfy even the requirements of Federal Rule of Civil Procedure 8, although the allegations of actual fraud are subject to Rule 9's heightened pleading standard.

Plaintiff does not allege what, if anything, Defendant offered in exchange for the allegedly fraudulent payments from Yihe.  Thus, Plaintiff does not adequately allege that the transfers were made without reasonably equivalent value.

Moreover, Plaintiff does not demonstrate that it was Yihe's creditor when Yihe paid Defendant's salary in 2013 through 2015.  Plaintiff also does not allege when the "other payments" constituting fraudulent transfers were made, or that Plaintiff was Yihe's creditor at that time.

These allegations are the type of "label and conclusion" that cannot withstand a motion to dismiss

1   for failure to state a claim.  <u>Twombly</u>, 550 U.S. at

2   555.  Accordingly, the allegations in the Proposed FAC

3   fail to state a claim for avoidance of fraudulent

4   conveyance pursuant to California Civil Code § 3439.05,

5   and the Proposed FAC is futile in this regard.

6        d.  *Accounting Claim*

7      Plaintiff's fourth claim seeks an accounting

8   pursuant to California Civil Code § 3439.07(a)(1).

9   Proposed FAC ¶¶ 60-62.  Plaintiff alleges that since

10  January 2013, "Defendant received from Yihe's lenders,

11  vendors and customers, payments amounting of more than

12  $1,000,000."  Proposed FAC ¶ 61.  Plaintiff's claim for

13  accounting demands that Defendant account to Plaintiff

14  for any and all sums received by Defendant.  <u>Id.</u> at ¶

15  62.

16     To bring a claim for accounting, Plaintiff must

17  show (1) that a relationship exists between Plaintiff

18  and Defendant that requires an accounting; and (2) that

19  some balance is due to Plaintiff that can only be

20  ascertained by an accounting.  <u>Haddock v. Countrywide</u>

21  <u>Bank, NA</u>, No. CV 14-6452 PSG (FFMx), 2015 WL 9257316,

22  at *12 (C.D. Cal. Oct. 27, 2015); <u>Teselle v.</u>

23  <u>McLoughlin</u>, 127 Cal. App. 4th 156, 179 (Cal. Ct. App.

24  2009).  An action for accounting is not available where

25  the plaintiff alleges the right to recover a sum

26  certain or a sum that can be made certain by

27  calculation.  <u>Teselle</u>, 173 Cal. App. 4th at 179.

28  Because Plaintiff asserts that it is entitled to

receive a sum of $3,696,101.03, Plaintiff fails to establish that an action for accounting is available. Accordingly, Plaintiff's proposed claim for accounting is futile. Because the claim cannot be cured by amendment, the Court **DISMISSES** Plaintiff's claim for accounting **WITH PREJUDICE**.

### III. CONCLUSION

Because Plaintiff's Proposed FAC fails to allege viable claims for promissory fraud, fraudulent conveyance, and accounting, the Court **DENIES** Plaintiff's Motion for Leave to File the Proposed FAC [26]. However, given Plaintiff's failure to file an Opposition to Defendant's Motion to Dismiss, the Court **GRANTS** Defendant's Motion to Dismiss [15].

This is the first time this Court has assessed the sufficiency of Plaintiff's Complaint. The Proposed FAC adequately pleads a claim for breach of contract, and Plaintiff may be able to plead plausible claims for promissory fraud and avoidance of fraudulent conveyance.[4]

---

[4] The other Foman factors do not weigh in favor of denial of leave to amend the second and third causes of action. Defendant's arguments that "Plaintiff . . . lured Defendant into changing his position [in settlement negotiations] with a promise of a resolution that was later withdrawn," and that Plaintiff is now pursuing an action against him "only as a means to put indirect pressure on the corporation [Yihe] and gain advantage in the other lawsuit," are unsupported by any specific facts, evidence or a sworn declaration. See Def.'s Opp'n 5:17-26. These arguments do not support a finding of undue prejudice. Moreover, discovery has not yet begun, the Court has not held a scheduling conference, and no trial date or pretrial conference has been set. Accordingly, it does not appear that Defendant is

1      Accordingly, the Court **DISMISSES** Plaintiff's

2  Complaint **WITH TWENTY DAYS LEAVE TO AMEND** so that

3  Plaintiff may cure the deficiencies in its second and

4  third causes of action in the Proposed FAC.

5  Plaintiff's fourth cause of action for accounting,

6  however, cannot be cured by amendment, and is **DISMISSED**

7  **WITH PREJUDICE.**

8  **IT IS SO ORDERED.**

9

10  DATED: May 5, 2016     s/ RONALD S.W. LEW

11      **HONORABLE RONALD S.W. LEW**
    Senior U.S. District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  unduly prejudiced by the timing of Plaintiff's request to amend
the Complaint.  See <u>ABM</u>, 237 F.R.D. at 227-28.  Lastly, Defendant

27  does not show that Plaintiff acted in bad faith or engaged in
dilatory tactics in seeking to amend the Complaint because

28  Plaintiff's delay in seeking amendment can be explained by the
parties' attempt to settle this action.